# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. 5:17-CV-00668 (VEB) |
| SHINEE MARIE ANDERSON, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In September of 2011, Plaintiff Shinee Marie Anderson applied for Child's Disability Insurance benefits and Supplement Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Denise Bourgeois Haley, Esq., of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 24). On January 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on September 23, 2011, alleging disability beginning November 30, 1992. (T at 149-58).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On July 15, 2016, a hearing was held before ALJ Laura Fernandez. (T at 316). Plaintiff appeared with her attorney and testified. (T at 325-47, 364-65). The ALJ also received testimony from David Rinehart, a vocational expert (T at 365-71), Dr. Michael Lace, a psychological expert (T at 320-25, 347-48, 360-64), and Cynthia Bradley Cagnolatti, a lay witness (T at 348-60).

On August 29, 2016, the ALJ issued a written decision denying the applications for benefits. (T at 295-315). The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record transcript at Docket No. 18.

Commissioner's final decision on February 10, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 278-82).

On April 7, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 7, 2017. (Docket No. 17). The parties filed a Joint Stipulation on February 15, 2018. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A.     Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

3

DECISION AND ORDER – ANDERSON v BERRYHILL 2:15-CV-08726-VEB

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not attained the age of 22 as of November 30, 1992, the alleged onset date, and had not engaged in substantial gainful activity since that date. (T at 301). The ALJ found that Plaintiff's bipolar disorder, history of ADHD with associated conduct issues, and a learning disorder were "severe" impairments under the Act. (Tr. 301).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 301).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following

non-exertional limitations: simple, routine, repetitive tasks (but she can make work-related decision); only incidental co-worker and public contact and only occasional supervisory contact. (T at 303).

The ALJ noted that Plaintiff had no past relevant work. (T at 309). Considering Plaintiff's age, education (limited), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 309).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 30, 1992 (the alleged onset date) and September 1, 2016 (the date of the decision) and was therefore not entitled to benefits. (T at 310). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 278-82).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 25), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, she challenges the ALJ's assessment of the medical opinion evidence. Second, she argues that the ALJ did not properly consider lay witness testimony. This Court will address both arguments in turn.

# IV. ANALYSIS

## A. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In this case, Dr. Michael Lace reviewed the record and testified as a medical expert at the administrative hearing. Dr. Lace opined, *inter alia*, that Plaintiff was limited to "frequent superficial contact with co-workers, the general public, as well as supervisors." (T at 363). The ALJ gave "great weight" to Dr. Lace's testimony. (T at 307). The ALJ found Dr. Lace's opinion "reasonable and consistent with the objective medical evidence." (T at 307).

However, the ALJ concluded that Plaintiff retained the RFC to have incidental contact with co-workers and the public and occasional contact with supervisors. (T at 303). This appears to be at odds with Dr. Lace's opinion that Plaintiff was limited to "frequent *superficial*" contact with others. (T at 363)(emphasis added). In particular, even if one were to assume that "incidental" contact with co-workers and the public is synonymous with "superficial" contact, there remains a conflict between the conclusion that Plaintiff could have occasional contact with supervisors

10

DECISION AND ORDER – ANDERSON v BERRYHILL 2:15-CV-08726-VEB

and Dr. Lace's limitation to frequent *superficial* contract with supervisors. The ALJ did not explicitly address or resolve this conflict. This was a significant omission, given extensive evidence in the record regarding Plaintiff's impaired ability to cope with customary work pressure, which would include occasional criticism from supervisors. For example, Dr. Divy Kikani, a consultative examiner, opined that Plaintiff "may be expected to show moderate to marked episodes of emotional deterioration at normal work situations under customer work pressure." (T at 247-48). Dr. Richard Kangah, Plaintiff's treating primary care physician, reported that he did not believe Plaintiff could "follow and carry out basic instructions." (T at 504). These findings were consistent with Dr. Lace's conclusion that Plaintiff could not manage more than superficial contact with supervisors. (T at 363).

The Commissioner points to evidence in the record suggesting a lesser degree of limitation with regard to Plaintiff's social interaction skills. For example, Dr. Douglas Larson, another consultative examiner, assessed only moderate impairment with regard to Plaintiff's ability to interact appropriately with supervisors and comply with job rules such as safety and attendance. (T at 254). Dr. Richard Starrett, another consultative examiner, reported that while Plaintiff was "socially inappropriate" during the examination, he believed she "probably would be able to interact appropriately with supervisors …." (T at 509). In addition, the record

11

DECISION AND ORDER – ANDERSON v BERRYHILL 2:15-CV-08726-VEB

indicated that Plaintiff used public transportation, cared for her young daughter, paid bills, had meaningful interpersonal relationships, and attending to her shopping. (T at 302-05, 307, 325-38, 351-53, 355).

This Court finds the Commissioner's argument insufficient to sustain the ALJ's decision. The ALJ gave "great weight" to Dr. Lace's assessment for good reason – Dr. Lace performed a detailed review of the record and had the opportunity to actively participate in the administrative hearing and be subject to cross-examination by Plaintiff's counsel. *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995)("[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination."). The ALJ did not recognize or address a serious conflict between Dr. Lace's well-supported assessment and the RFC determination. This conflict related to a key job requirement – namely, the ability to accept criticism, even if only occasionally, from supervisors.

Contrary to the Commissioner's argument, Plaintiff's ability to maintain daily activities and some interpersonal relationships does not, *ipso facto*, translate into an ability to interact appropriately with a supervisor under the customary demands of competitive, remunerative employment. Indeed, when the claimant's ability to tolerate work stress, such as the stress of accepting criticism and direction from a

supervisor, is at issue, great care must be taken when assessing the probative value of the claimant's activities of daily living. This is because individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Given the importance of this issue and the other evidence of limitation in the record, this Court declines to accept the Commissioner's *post-hoc* efforts to intuit a resolution to this conflict from the record. *See Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009)( "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ —

not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). A remand is required.

**B.     Lay Evidence**

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Cynthia Bradley Cagnolatti was hired through Inland Regional, a not-for-profit agency, to act as Plaintiff's "instructor." (T at 349, 356-57). She met with Plaintiff to assist her with paying bills, shopping, preparing a resume, and performing research. (T at 349). Ms. Cagnolatti testified that Plaintiff "needs major help in understanding" what she reads. (T at 350). According to Ms. Cagnolatti, Plaintiff's reading skills are very limited. (T at 350, 355).

The ALJ gave some weight to Ms. Cagnolatti's testimony, finding it consistent with the conclusion that Plaintiff could perform simple and repetitive tasks. (T at 308). The ALJ determined, however, that Plaintiff's educational records indicated a higher level of reading and writing ability than Ms. Cagnolatti assessed and, thus, the ALJ discounted that aspect of her testimony. (T at 308).

1       This Court finds the ALJ provided germane and sufficient reasons for the weight afforded to Ms. Cagnolatti's testimony. The evidence, including the assessment of Dr. Lace, was supportive of the conclusion that Plaintiff could perform simple, repetitive tasks. (T at 363). Plaintiff's educational records, although documenting deficiencies in the areas of reading and writing, were generated over an extended period of time and indicated that Plaintiff possessed basic reading and writing skills. (T at 174). The ALJ thus acted within her discretion in affording lesser weight to Ms. Cagnolatti's testimony. There is no reversible error as to this aspect of the ALJ's decision.

**C.     Remand**

      In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

      Here, this Court finds that remand for further proceedings is warranted. There is an unresolved conflict between Dr. Lace's assessment, which the ALJ afforded great weight, and the RFC determination, which provided for a greater ability to

15

DECISION AND ORDER – ANDERSON v BERRYHILL 2:15-CV-08726-VEB

handle contact with supervisors than Dr. Lace did. This conflict needs to be resolved on remand with the RFC revised as necessary and then a determination as to whether Plaintiff is disabled. It is clear Plaintiff has a material limitation with regard to her ability to handle supervision. On remand, the ALJ will need to undertake a more careful assessment of the evidence before determining the extent of that limitation.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 29th day of August, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE